UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FLORES AVALOS,<br><br>                             Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                             Respondent. | Case No.: 17-cv-1269-BEN<br>16-cr-14-BEN<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255** |

Movant Juan Flores Avalos filed a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. Respondent, the United States opposes the motion. For the reasons set forth below, the Court denies the motion.

## BACKGROUND

In 2016, Avalos was convicted of smuggling drugs in violation of 21 U.S.C. section 952 and 960. After granting departures for minor role and safety-valve, he was sentenced to 46 months. As part of his plea agreement and during the sentencing, Avalos waived his right to appeal or collaterally attack his sentence. Even so, he filed the instant motion for collateral relief under § 2255. Under § 2255, a movant is entitled to relief if the sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack. Title 28 U.S.C. § 2255. The motion is timely.

## DISCUSSION

The motion fails on two grounds. *First*, Movant validly waived his right to collaterally attack his sentence. Sentencing Transcript at 5:20. The record discloses no

issues as to the voluntariness of the plea and waiver.  When offered the opportunity to allocute, Avalos declined.  Sentencing Transcript at 3:23.

*Second*, contrary to his contentions, he has not made a viable claim of ineffective assistance of counsel.  His claims are difficult to decipher and are unsupported by any affirmative evidence beyond the record.  While Avalos claims that he was told he was going to get a lower sentence and was prevented from having safety valve because of an incorrect criminal history, his sworn statements during the change of plea hearing, as well as the findings by the Court at sentencing, belie these claims.  Avalos repeatedly acknowledged that he understood the plea agreement and that his attorney could not guarantee the sentence he would receive.  Plea Colloquy Transcript at 11 ("Neither your attorney nor anyone else can guarantee the sentence you will receive.").  His argument that he was prevented from receiving safety valve makes little sense.  Sentencing Transcript at 3 ("Base offense level … reduced by two levels … under 2D1.1(b)(17) and 5C1.2 ["Safety Valve"] … [based on] no criminal history.")  The Guideline range was 46 to 57 months and the low-end sentence ultimately imposed was agreed to by the parties without fanfare.

To prevail on an ineffective assistance of counsel claim, a defendant must show that his attorney's performance was unreasonable under the prevailing professional standards and that the deficient performance prejudiced his defense.  *See Strickland v. Washington*, 466 U.S. 668, 694-95 (1984).  There is a "strong presumption" that counsel's conduct is reasonable, *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995), and "[r]eview of counsel's performance is highly deferential." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986).  To establish "prejudice" under *Strickland's* second prong, a petitioner must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

The motion is denied because: (1) Movant validly waived his right to collateral attack; and (2) Movant has not established either prong of the *Strickland* requirements.

## CONCLUSION

The Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Movant has not made the necessary showing. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: April 28, 2020

_____
**HON. ROGER T. BENITEZ**
United States District Court Judge